# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4499 | **DATE** | 9/6/2001 |
| **CASE TITLE** | TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, et al. vs. URGENT HEATING & COOLING CORP., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion to strike ¶ 3 and ¶¶ 5-8 of the answer [5-3] is granted in part. Paragraphs 3, 5, and 7 are stricken. The motion is denied in all other respects. Plaintiffs' motion for judgment on Counts II and III [5-1] is granted. Judgment is entered for plaintiffs Trustees of the Local Union No. 422 U.A. of Joliet, Illinois Pension Fund and Board of Trustees of the Local Union No. 422, U.A. of Joliet, Illinois Welfare Fund and against defendants Urgent Heating & Cooling Corporation and Kenneth A. Lorence in the amount of $10,603.25, plus interest and reasonable attorneys' fees. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 10 2001 | |
| | Notified counsel by telephone. | date docketed | 9 |
| | Docketing to mail notices. | *eav* | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 OCT -9 PM 5:30 | |
| | | 9/6/2001 | |
| SB | courtroom deputy's initials | date mailed notice | |
| | | CB | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ET AL. Plaintiffs, | ) ) ) No. 01 C 4499 |
| v. | ) Suzanne B. Conlon, Judge |
| URGENT HEATING & COOLING CORPORATION, ET AL. Defendants. | ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

Trustees of the Local Union No. 422 U.A. of Joliet, Illinois Pension Fund and Board of Trustees of the Local Union No. 422, U.A. of Joliet, Illinois Welfare Fund (collectively "plaintiffs") sue Urgent Heating & Cooling Corporation ("Urgent Heating") and Kenneth A. Lorence (collectively "defendants") for failure to make timely payments to their retirement fund (Count I) and to pay fringe benefits (Counts II-III).[1] Plaintiffs move for judgment on Counts II and III, pursuant to Fed.R.Civ.P. 12(c) and 54(b). Plaintiffs further move to strike ¶ 3 and ¶¶ 5-8 of the answer, pursuant to Fed.R.Civ.P. 11(b) and 12(f).

## BACKGROUND

Plaintiffs are plan sponsors and fiduciaries of the Local Union No. 422 U.A. of Joliet, Illinois Pension Fund and the Local Union No. 422 U.A. of Joliet, Illinois Welfare Fund ("the Funds"). The Funds are administered by their board of trustees, pursuant to the trust agreements' terms. Urgent

---

[1] Counts I and II are directed at Urgent Heating. Count III is directed at Lorence.

1



Heating is an Illinois corporation with its principal place of business in Elgin, Illinois. The corporation provides plumbing services.

On or before October 30, 1998, Urgent Heating and the Plumbers and Pipefitters Local 422 U.A. entered into a memorandum of agreement under which Urgent Heating adopted their collective bargaining agreement in effect and all subsequent collective bargaining agreements. Under the terms of the agreement, Urgent Heating is required to make fund contributions on behalf of certain employees. In addition, Urgent Heating agreed to submit their books and records to an independent public accountant upon request for the purpose of assessing defendants' compliance with the contribution guidelines.

On or around January 29, 2001, Urgent Heating and plaintiffs entered into a demand note whereby Urgent Heating would pay plaintiffs certain fringe benefits. Lorence was a co-maker of the note. Defendants entered into the demand note to settle all outstanding contributions owed to the Funds between December 1999 and December 2000, plus liquidated damages. The settlement was to be paid in two equal installments of $10,603.25. The first payment was due on February 7, 2001. Defendants paid this amount in full. The second payment was due on March 7, 2001. Defendants have not issued the second payment.

Plaintiffs allege that since October 30, 1998, Urgent Heating has failed to make some of the required fund contributions. Plaintiffs further allege defendants refuse to pay certain fringe benefits as required under the demand note.

## DISCUSSION

### I. Motion for judgment standard

Judgment on the pleadings is granted when the nonmoving party cannot prove any facts to support its claims for relief. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In evaluating a motion for judgment, facts in the complaint must be read in the light most favorable to the nonmoving party. *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996).

### II. Analysis

Defendants admit they entered into a demand note that required them to pay plaintiffs $10,603.25 by March 7, 2001. Defendants further admit they have not made this payment. Plaintiffs contend these admissions justify judgment in their favor on Counts II and III. Defendants deny the note payments are in default. Answer at ¶ 11. They contend plaintiffs breached the note agreement by filing a complaint that requests an audit of fund contributions, additional fund contributions, and liquidated damages for the period commencing October 30, 1998 through the date of the audit. Defendant Response ("Def. Resp.") at p. 3. However, plaintiffs did not file the complaint until June 14, 2001, over three months after the note payments were due. At that point, defendants were already in default. Furthermore, defendants failed to list plaintiffs' breach of agreement as an affirmative defense. *See* Fed.R.Civ.P. 12(b) ("Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required . . ."). Accordingly, judgment is entered in favor of the plaintiffs on Counts II and III.[2]

---

[2] "When more than one claim for relief is presented . . . the court may direct the entry of final judgment as to one or more but fewer than all of the claims . . ." if there is no just reason for delay. Fed.R.Civ.P. 54(b).

## III. Motion to strike

Courts may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Plaintiffs move to strike ¶ 3 and ¶¶ 5-8 of defendants' answer. They contend there is no reasonable basis for defendants' assertions that they are without sufficient knowledge to form a belief as to the truth of complaint ¶ 3 and ¶¶ 5-8.

Rule 11(b) requires that when attorneys present a pleading to the court they must certify "to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the denials of factual contentions are warranted on the evidence, or *if specifically so identified*, are reasonably based on a lack of information or belief." Fed.R.Civ.P. 11(b)(emphasis added); *Divane v. Krull Electric Company, Inc.*, 200 F.3d 1020, 1028 (7th Cir. 1999). To measure the reasonableness of a party's inquiry into the factual bases of its claims, courts consider the following:

> [W]hether the singer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

*Divane*, 200 F.3d at 1028 (internal citations omitted).

Paragraph 3(a) alleges plaintiffs are plan sponsors and fiduciaries of the Funds. Paragraph 3(b) alleges the Funds are administered by the Funds' board of trustees. These allegations can easily be answered by referring to applicable law and the trust agreements that establish the Funds. As contributors to the Funds, defendants cannot credibly assert an inability to retrieve the trust agreements. In addition, there is no excuse for defendants' failure to examine the law establishing

4

plaintiffs as fiduciaries of the Funds. 29 U.S.C. § 1002(21)(A) provides that "a person is a fiduciary with respect to a plan to the extent [he or she] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of disposition of its assets." Defendants admit plaintiffs have a right to request an audit of the fund. Def. Resp. at p. 3. Therefore, the existence of this statute, which was referenced in plaintiffs' complaint, mandates that defendants admit plaintiffs' status as fiduciaries. *See International Union of Operating Engineers, Local 150, AFL-CIO*, NO. 92 C 6929, 1992 WL 373148 (N.D. Ill. 1992) (striking answer when defendant refused to admit or deny an allegation that was easily answerable by reference to the applicable statute).

Paragraph 5 alleges defendants entered into a memorandum agreement on October 30, 1998. The agreement is attached to the complaint. Defendants have no excuse for not answering this allegation.

Paragraph 6 alleges Urgent Heating is bound by the terms of the memorandum agreement. This allegation amounts to a legal conclusion that defendants can neither admit nor deny.

Paragraph 7 alleges that under the memorandum agreement defendants were required to make contributions on behalf of certain employees and submit their books and records for audits. This requirement is found in the collective bargaining agreement that was adopted pursuant to the memorandum agreement. Furthermore, defendants do not dispute plaintiffs' right to an audit. Def. Resp. at p. 3. Defendants have no reasonable basis for failing to either admit or deny this allegation.

Paragraph 8 alleges defendants have failed to make some of the fund contributions required by the memorandum agreement. Defendants assert answering this allegation would require them to conduct an internal audit, which they could not do within the time required to answer the complaint.

5

Defendants have a reasonable basis for claiming insufficient information to answer ¶ 8. Discovery will help uncover relevant facts pertaining to this allegation. Accordingly, only ¶¶ 3, 5, and 7 are stricken.

## CONCLUSION

The motion to strike ¶ 3 and ¶¶ 5-8 of the answer is granted in part. Paragraphs 3, 5, and 7 are stricken. The motion is denied as to ¶¶ 6 and 8. Plaintiffs' motion for judgment on Counts II and III is granted.

September 6, 2001

ENTER:

Suzanne B. Conlon
United States District Judge